**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

TINNA GRAY                                                                    PLAINTIFF

V.                    NO. 4:19-CV-625-JM-BD

ANDREW SAUL, Commissioner
Social Security Administration[1]                                    DEFENDANT

**RECOMMENDED DISPOSITION**

      This Recommendation has been sent to Judge James M. Moody, Jr. Either party may file objections if they disagree with the findings or conclusions set out in this Recommendation. If objections are filed, they should be specific and should include the factual or legal basis for the objection.

      To be considered, objections must be received in the office of the Court Clerk within 14 days of this Recommendation. If no objections are filed, Judge Miller can adopt this Recommendation without independently reviewing the record. By not objecting, parties may also waive the right to appeal questions of fact.

**I. Introduction:**

      On April 15, 2014, Tinna Gray applied for disability benefits, alleging disability beginning February 10, 2004. (Tr. at 151) Her claims were denied both initially and upon reconsideration. *Id.* After conducting a hearing, the Administrative Law Judge ("ALJ") denied Ms. Gray's application. *Id*. She requested that the Appeals Council review the

---

[1] On June 6, 2019, Andrew Saul became Commissioner of the Social Security Administration. He is substituted, therefore, as the Defendant. FED. R. CIV. P. 25(d).

ALJ's decision, and the Appeals Council remanded the case for further administrative review. (Tr. at 14)

A second hearing was held on January 8, 2018, after which an ALJ again denied Ms. Gray's petition for benefits. (Tr. at 33) The Appeals Council upheld the ALJ's decision. (Tr. at 1) Therefore, the ALJ's decision now stands as the final decision of the Commissioner. Ms. Gray filed this case seeking judicial review of the decision denying her benefits.

## II.  The Commissioner's Decision:

The remand order from the Appeals Council, dated January 6, 2017, ordered the ALJ to obtain Ms. Gray's education records if available, to further evaluate her mental impairments, to obtain a consultative medical opinion if necessary, and to obtain evidence from a vocational expert. (Tr. at 14-15)

In his opinion, the ALJ found that Ms. Gray had not engaged in substantial gainful activity since April 15, 2014, the application date. (Tr. at 17) At step two of the five-step analysis, the ALJ found that Ms. Gray had the following severe impairments: unspecified neurodevelopmental disorder and unspecified depressive disorder with some reactive anxiety. *Id*.

After finding that Ms. Gray's impairments did not meet or equal a listed impairment (Tr. at 18), the ALJ determined that Ms. Gray had the residual functional capacity ("RFC") to perform work at all exertional levels, with some additional limitations: (1) she could communicate in a socially adequate manner with adequate grammar for communicating information for at least basic work-like tasks; (2)

interpersonal contact with others should be only incidental to the work performed; (3) she could understand, remember, and carry out basic work-like tasks that are simple, routine, or repetitive in nature, with the ability to perform tasks learned by short demonstration within no more than 30 days, and requiring few variables and limited individual judgment (*i.e.* unskilled work); (4) she could respond adequately to work pressure in an appropriate work-like setting that utilizes visual skills without requirements for complex memory or requirements for fast processing speed; (5) she could maintain an appropriately steady pace for completing assigned job tasks within an acceptable timeframe; but (6) she could not perform job tasks that would require making change or counting, handling money, or operating a motor vehicle. (Tr. at 20)

The ALJ found that Ms. Gray had no past relevant work. (Tr. at 32) Relying on the testimony of a Vocational Expert ("VE"), the ALJ found that, considering Ms. Gray's age, education, work experience and RFC, jobs existed in significant numbers in the national economy that she could perform, including work as trash collector, icer, and salvage worker. (Tr. at 33) Thus, the ALJ held that Ms. Gray was not disabled. *Id.*

### III. Discussion:

A. Standard of Review

In this appeal, the Court must review the Commissioner's decision for legal error and assure that the decision is supported by substantial evidence on the record as a whole. *Brown v. Colvin*, 825 F.3d 936, 939 (8th Cir. 2016) (citing *Halverson v. Astrue*, 600 F.3d

922, 929 (8th Cir. 2010)). Stated another way, the decision must rest on enough evidence that "a reasonable mind would find it adequate to support [the] conclusion." *Halverson*, 600 F.3d at 929. The Court will not reverse the decision, however, solely because there is evidence to support a conclusion different from that reached by the Commissioner. *Pelkey v. Barnhart*, 433 F.3d 575, 578 (8th Cir. 2006).

    B.   Ms. Gray's Arguments on Appeal

Ms. Gray, appearing *pro se*, filed a one-page, handwritten document, which did not identify any particular point for reversal. (Doc. No. 13) The Court will construe Ms. Gray's filing as a challenge to the ALJ's decision on grounds that the decision is not supported by substantial evidence on the record as a whole.

The Court has carefully reviewed the record. After reviewing the record as a whole and, as explained below, the Court concludes that the ALJ did not err in denying benefits.

The medical evidence is scant and reveals very few doctors' visits over the relevant time-period. While Ms. Gray screened positive for mild-to-moderate depression in 2016 (Tr. at 529), she had mostly normal mental status examinations; and she was treated conservatively with psychiatric medication. (Tr. at 467-508) A lack of clinical findings may support an ALJ's decision to deny benefits. *Gowell v. Apfel*, 242 F.3d 793, 796 (8th Cir. 2001). Most of Ms. Gray's doctor visits were related to acute problems, such as headaches, generalized pain, or a need for medication refills. *Id*. She did not seek

individualized psychiatric care. (Tr. at 557-579) The failure to seek regular and continuing treatment contradicts allegations of disability. See *Gwathney v. Chater*, 104 F.3d 1043, 1045 (8th Cir. 1997).

Ms. Gray's musculoskeletal examinations were normal, overall; and she did not have any objective testing for physical problems. She reported that she was able to cook (although she "didn't like to"), perform some chores, visit with family, care for her teenage son, watch television, attend church, and exercise. (Tr. at 20-22, 310-312, 560-571) These daily activities undermine her claims of disability. *Shannon v. Chater*, 54 F.3d 484, 487 (8th Cir. 1995).

Pursuant to the Appeals Council's remand order, the ALJ ordered a consultative examination, which was performed on February 20, 2018 by Dr. Kenneth Hobby, Ph.D. Dr. Hobby found that Ms. Gray was significantly below average in intellectual functioning, but also, that she was attentive, cooperative, and pleasant at the interview. (Tr. at 557-579) He found that she could understand basic instructions but noted that she would have difficulty with complex tasks. *Id*. She interacted in a socially adequate manner and had no limitations in concentration. *Id.* Dr. Hobby noted that he had reviewed Ms. Gray's school records prior to his examination and noted that the records did not show any significant cognitive problems. *Id.* He did not assign substantial functional limitations.

The Court finds no error in the ALJ's evaluation of impairments or determination of Ms. Gray's RFC. A claimant's RFC represents the most she can do despite the combined effects of all credible limitations. The RFC finding must be based on all credible evidence. *McCoy v. Astrue*, 648 F.3d 605, 614 (8th Cir. 2011). In determining the claimant's RFC, the ALJ has a duty to establish, by competent medical evidence, the physical and mental activity that the claimant can perform in a work setting, after giving appropriate consideration to all impairments. *Ostronski v. Chater*, 94 F.3d 413, 418 (8th Cir. 1996).

Ms. Gray had limited treatment consisting of medication management only. No doctor placed any restrictions on her; and Dr. Hobby's medical opinion stated that Ms. Gray was not significantly limited in work tasks. The state-agency reviewing doctor found Ms. Gray capable of unskilled work. (Tr. at 141-144)

As noted, Ms. Gray was able to perform daily activities. The assigned RFC for simple, unskilled work incorporated all of Ms. Gray's credible limitations. The ALJ followed the Appeals Council's remand instructions and properly evaluated the record as a whole.

**IV.   Conclusion:**

There is substantial evidence to support the Commissioner's decision that Ms. Gray was not disabled. The RFC incorporated all of Ms. Gray's limitations. The decision, therefore, should be affirmed and the case dismissed, with prejudice.

DATED this 14th day of May, 2020.

                                                  _____
                                                  UNITED STATES MAGISTRATE JUDGE